IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF A MEMBER § 
OF THE BAR OF THE SUPREME § No. 503, 2013
COURT OF THE STATE OF § 
DELAWARE: § 
 § 
 EDWARD C. PANKOWSKI, § 
 Petitioner. § 

Submitted: October 1, 2014
Decided: October 13, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## O R D E R

This 13th day of October 2014, it appears to the Court that:

(1)  By revised Order dated February 20, 2014 (attached), this Court reinstated the petitioner as a member of the Bar of the State of Delaware subject to certain conditions and limitations, including a two-year period of probation under the supervision of a practice monitor. On October 1, 2014, the petitioner filed a motion seeking to modify the conditions of his reinstatement. The Office of Disciplinary Counsel (ODC) has not filed any objections to the requested modifications.

(2)  In his motion, the petitioner admits that he violated the Court's Order by working as a solo private practitioner handling criminal matters for

the Office of Conflict Counsel (OCC).[1] The petitioner also acknowledges that he further violated the Court's Order by failing to arrange for a practice monitor before returning to private practice, by failing to obtain malpractice insurance before returning to private practice, and by failing to notify the ODC before returning to private practice.

(3) Notwithstanding these violations of the Court's Order, and without offering any explanation for his violations, the petitioner requests this Court to modify the terms of our reinstatement Order. He asks that we create an exception to the prohibition on maintaining a solo law practice to allow him to represent clients referred to him by the OCC.

(4) We decline to do so. The Court is troubled that the petitioner returned to private practice in a manner that violated the Court's Order in substantial, myriad ways without *first* seeking leave of the Court to modify the conditions of his reinstatement. The petitioner's motion offers no explanation for the circumstances that gave rise to his violations of the Court's Order. Accordingly, we find no good cause to modify the terms of his reinstatement in the face of these violations. The petitioner may continue to practice law but only in accordance with the terms and conditions

---

[1] The petitioner acknowledges that his work for the OCC is assigned to him as an independent contractor and is not directly supervised by any lawyer associated with the OCC.

previously ordered. In future, should he move for a modification of those conditions, the motion must establish good cause for the requested modification and be accompanied by an affidavit reflecting his compliance with *all* of the conditions of the Court's February 20, 2014 Order and a detailed explanation of the circumstances leading to his admitted violations of that Order and why he believes that violating the Order was justified or otherwise excusable.

(5)    Because of his violation of the February 20, 2014 reinstatement Order, the provision of that Order instructing the Clerk to "notify all courts that Mr. Pankowski has been reinstated, without a copy of this order" is modified. The Clerk shall now notify all courts of both this Order and the February 20, 2014 Order, both of which shall be matters of public record.

NOW, THEREFORE, IT IS ORDERED that the motion to modify the order of reinstatement is DENIED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

3

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | § | |
|---|---|---|
| In the Matter of a Member | § | No. 503, 2013 |
| of the Bar of the Supreme Court | § | |
| of the State of Delaware: | § | Board Case No. 108292 |
| | § | |
| EDWARD C. PANKOWSKI, | § | **CONFIDENTIAL** |
| | § | |
| Petitioner. | § | |

Submitted: November 6, 2013
Decided: February 6, 2014
Revised: February 20, 2014

Before **HOLLAND**, **JACOBS** and **RIDGELY**, Justices.

## O R D E R

This 20th day of February 2014, it appears to the Court that the Board on Professional Responsibility has filed a Report on this matter pursuant to Rule 9(d) of The Delaware Lawyers' Rules of Disciplinary Procedure. The Office of Disciplinary Counsel ("ODC") filed objections to the Board's Report, and Petitioner has responded to those objections. The Court has reviewed the matter pursuant to Rule 22(h) of The Delaware Lawyers' Rules of Disciplinary Procedure and approves the Board's Report.

NOW, THEREFORE, IT IS ORDERED that the Report filed by the Board on Professional Responsibility on September 24, 2013 (copy attached) is hereby APPROVED and ADOPTED. The Clerk shall notify all courts that Mr. Pankowski has been reinstated, without a copy of this order.

IT IS FURTHER ORDERED that Petitioner Edward C. Pankowski be REINSTATED as a member of the Bar of this Court effective immediately subject to a two year probationary period with the following conditions:

1. Pankowski must reimburse the ODC for the costs of this proceeding.

2. Pankowski must obtain certification from the Delaware CLE authorities that he is current in his CLE requirements. He may not begin practicing law until those requirements are satisfied.

3. Pankowski must not practice in a solo practice nor may he be managing partner in practice with others.

4. Pankowski shall serve a probationary period of two years under the supervision of a practice monitor with monthly reporting to the monitor, which reporting shall also be sent to the ODC. During this probationary period, Pankowski shall remain active with DELAP and be subjected to mandatory drug and alcohol testing at the direction of the Executive Director of DELAP. The Executive Director of DELAP shall have the discretion to report to the ODC as she deems appropriate.

5. Pankowski shall cooperate with the ODC in its attempts to monitor Pankowski's conduct during the probationary period.

6.   Pankowski must remain in active recovery from his alcoholism by continued participation in Alcoholics Anonymous.

7.   Before he begins practicing law again, Pankowski must provide the ODC with evidence that he is covered by legal malpractice insurance.

BY THE COURT:

/s/ Jack B. Jacobs
Justice